# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STANLEY BARRAL HAYSBERT**, 320 East Mercury Boulevard, Apt. 28 Hampton, Virginia 23663 | COMPLAINT FOR DAMAGES |
| **Plaintiff**, | |
| vs. | CIV. NO.: _____ |
| **REGINALD WORD**, Serve: Reginald Word 808 Nicholson St., NE, Washington D.C. 20011 | **JURY TRIAL DEMANDED** |
| **Defendant**. | |

## COMPLAINT FOR DAMAGES

**COMES NOW,** Plaintiff STANLEY BARRAL HAYSBERT, ("Plaintiff" or "Mr. Haysbert"), by and through his undersigned counsel, and hereby alleges the following against Defendant Reginald Word, ("Defendant" or "Mr. Word"), and states as follows:

## INTRODUCTION

On November 19, 2017, Stanley Barral Haysbert and Reginald Word entered into a contractual agreement. The terms of this agreement required Mr. Haysbert to lend $15,000.00 to Mr. Word as consideration for Mr. Word repaying Mr. Haysbert a principal sum of $33,000.00, due on or before December 23, 2017 ("Due

1

Date"). Mr. Word made no payments toward the fulfillment of this contract by the time the Due Date had passed and still has not paid any sum of money to Mr. Haysbert. Thus, Mr. Word is in Default of this loan. The agreement specifies an interest rate of 15% per month applied to the principal for late payments.

This action seeks justice and redress for this violation of Plaintiff's contractual rights.

## VENUE AND JURISDICTION

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the action is between citizens of different states and the amount in controversy exceeds $75,000 in value, exclusive of interest and costs.

2. Personal Jurisdiction and Venue are proper pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant resides in this District.

## PARTIES

3. Plaintiff Stanley Haysbert ("Plaintiff" or "Mr. Haysbert") is, and was at all times herein mentioned, a citizen of the United States, residing in the City of Hampton, State of Virginia.

4. At all times herein mentioned, upon information and belief, Reginald Word ("Defendant" or "Mr. Word") was a resident of Washington D.C.

5. At all times relevant hereto, Plaintiff and Defendant were parties to the signed agreement at issue.

## FACTS GIVING RISE TO CAUSE OF ACTION

6. On November 19, 2017, Mr. Haysbert and Mr. Word conferred via telephone and text message for the purposes of entering into a loan agreement ("Agreement").

7. Pursuant to the terms of the Agreement, Plaintiff agreed to lend Defendant the sum of $15,000.00.

8. In exchange for the Plaintiff's consideration, Defendant agreed to pay the principal sum of $33,000.00 on or before December 23, 2017 ("Due Date").

9. Defendant actually received from Plaintiff the sum of $15,000.00, fulfilling Plaintiff's obligation under the agreement.

10. Defendant additionally agreed that payments on the loan not received within six business days of the Due Date would be considered late payments, subjecting Defendant to an additional late fee in the amount of fifteen percent interest per month, or the maximum rate of interest allowed by law, applied to the principal sum then due and payable.

11. Both parties had the opportunity to read the Agreement and understood that the Agreement was a valid and legal contract.

12. Both parties had the legal capacity to sign the Agreement.

13. Both parties actually signed the Agreement.

14. There are no other verbal or other agreements which would modify or affect the terms of the Agreement.

15. Defendant initialed each page of the Agreement to indicate that he read and understood the contents of each page.

16. Defendant has made no payments whatsoever to Plaintiff in partial or full satisfaction of Defendant's obligations under the Agreement.

17. The Due Date for timely payment expired on December 23, 2017.

18. Pursuant to the Agreement, failure to make timely payment within six business days of the Due Date constitutes Default.

19. Defendant is in Default of the Agreement.

20. Defendant owes late payment interest of 15% monthly, which has accrued monthly since January 1, 2018.

21. Defendant currently owes Plaintiff the sum of $181,500.00 under the terms of the Agreement.

22. The Agreement contains a provision requiring Defendant to compensate Plaintiff for all costs incurred by the Plaintiff in collecting the sums due under the Agreement in the event of Default, including reasonable attorney's fees.

23. No amendments or other modifications were made to the agreement by the written and signed consent of both parties.

24. This action seeks compensation for the Defendant's Default and breach of the Agreement. Plaintiff hired attorneys to effectively vindicate his rights and is therefore entitled to attorney's fees pursuant to the Agreement.

## COUNT ONE

## BREACH OF CONTRACT

25. Plaintiff hereby realleges and incorporates by this reference the allegations contained in all paragraphs above as though fully set forth herein.

26. Commencing at or about the aforementioned dates and places, Plaintiff and Defendant entered into a valid and enforceable contract containing all essential terms, mutuality of obligation and sufficient consideration by both parties, and an affirmation of understanding by both parties.

27. Commencing at or about the aforementioned dates and places, Plaintiff fulfilled his obligation to Defendant under the Agreement.

28. Commencing at or about the aforementioned dates and places, Defendant failed to perform his obligations under the Agreement.

29. Failure to perform an obligation under an enforceable contract results in a breach.

30. This Court has the power to enforce the legally binding provisions of this Agreement in the result of a breach by specific performance, or by ordering compensation adequate to make Plaintiff whole from the effect of the breach.

31. Defendant has been given ample time to remedy the aforementioned breach.

32. Defendant has made no effort to remedy the aforementioned breach.

## **PRAYER**

Wherefore Plaintiff prays for judgment against Defendant as follows:

1. Compensatory damages for breach of contract in the amount of $181,500.00;

   a. In the alternative, if Defendant does not enter an appearance or is unable to satisfy his financial obligation under the Agreement, Plaintiff requests that this Court enter:

      i. An order staying the sale or distribution of property to Defendant by gift, bequest, devise, or testamentary instrument;

      ii. An emergency order staying the sale of the property located at 808 Nicholson St., NE, Washington D.C. 20011 until the resolution of this litigation; or,

      iii. Any other emergency order which the Court may deem just and proper to prevent the sale of assets or concealment of funds which may be needed to satisfy this judgment; and

    b. Furthermore, if Defendant does not enter an appearance or is unable to satisfy his financial obligation under the Agreement, Plaintiff requests this Court enter an order requiring Defendant to turn over his interest in Starpoint Global Investments Limited to Plaintiff;

2. For legal interest on the judgment;

3. For reasonable attorneys' fees and litigation expenses as provided in the Agreement;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Stanley Haysbert demands a trial by jury on all issues so triable.

Respectfully Submitted,

Dated: August 6, 2020      **HAYSBERT | MOULTRIE, LLP**

By:    */s/ James L. Moultrie*_____
       James L. Moultrie, III, Esq.,

Nazareth M. Haysbert. Cal. Bar 294431*
James L. Moultrie, III D.C. Bar 1029954
**HAYSBERT | MOULTRIE, LLP**
4640 Admiralty Way, Suite 500
Marina Del Rey, CA 90292
Telephone: (310) 496-5796

Facsimile:    (310) 760-4083

*Attorneys for Plaintiff Stanley Barral Haysbert*

*Application for admission *pro hac vice* forthcoming

9

**CERTIFICATE OF SERVICE**

I certify that on the 6th day of August, 2020, a true copy of the foregoing Complaint was mailed to Defendant Reginald Word, at 808 Nicholson St., NE, Washington D.C. 20011.

*/s/ James L. Moultrie*_____

James L. Moultrie, III, Esq.